This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **NO. A-1-CA-35212**

**DAVID CORDOVA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cristina T. Jaramillo, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett, P.C.
L. Helen Bennett
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     This matter comes before us on remand from the Supreme Court to consider our memorandum opinion filed herein on March 14, 2017, in light of its disposition in *State v. Baroz*, 2017-NMSC-030, 404 P.3d 769. *See* Order at *1-2, *State v. Cordova*, No. S-1-SC-36354, (December 18, 2017). We withdraw our memorandum opinion filed herein on March 14, 2017, and substitute the following in its stead.

{2}     Defendant David Cordova appeals his conviction for armed robbery, contrary to NMSA 1978, Section 30-16-2 (1973), that was enhanced, pursuant to NMSA 1978, Section 31-18-16(A) (1993), because he used a firearm in the commission of the offense. Defendant was charged with taking money from his victim, intending to permanently deprive her of the same while "armed with a firearm, an instrument or object, which when used as a weapon, could cause death or great bodily harm[.]" In order to convict him of that offense, the jury was instructed that it must find that he "was armed with a gun, an instrument or object which, when used as a weapon, could cause death or serious injury[.]" With regard to the firearm enhancement, the jury was instructed to "determine if the crime was committed with the use of a firearm and report [its] determination" on a special verdict form. *See* § 31-18-16(A)(1) ("When a separate finding of fact by the court or jury shows that a firearm was used in the commission of a noncapital felony, the basic sentence of imprisonment prescribed for

2

the offense . . . shall be increased by one year, and the sentence imposed by this subsection shall be the first year served and shall not be suspended or deferred[.]").

{3}    On appeal, Defendant asserts, as his sole issue, that adding the firearm enhancement to the armed robbery conviction violated his right to be free from multiple punishments in violation of the Double Jeopardy Clause of the Fifth Amendment. Following the analysis mandated by *Swafford v. State*, 1991-NMSC-043, 112 N.M. 3, 810 P.2d 1223, our Supreme Court in *Baroz* rejected the defendant's argument that imposition of the firearm enhancement violates double jeopardy where the use of a firearm is an element of the underlying conviction of aggravated assault with a deadly weapon. *Baroz*, 2017-NMSC-030, ¶¶ 20-27. Concluding that the reasoning of *Baroz* applies to Defendant's sentence for armed robbery, we reject Defendant's argument and affirm.

{4}    **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**STEPHEN G. FRENCH, Judge**

3